**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TONY ALLEN COOLEY,**

      **Plaintiff,**

      v.                                                CASE NO. 22-3149-SAC

**DOUGLAS COUNTY SHERIFF,**
 et al.,

      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Tony Allen Cooley is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. In the alternative, Plaintiff may file a complete and proper amended complaint curing these deficiencies. If Plaintiff fails to do so in the time allotted by the Court, this matter may be dismissed without further prior notice to Plaintiff.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Douglas County Jail (DCJ) in Lawrence, Kansas. He alleges in his complaint that on May 12, 2022, Defendant CO Zimbicky took some of his commissary items, his reading glasses, his bible, and his comic books and, while Plaintiff was on suicide watch, the items were destroyed. Plaintiff also alleges that Defendant Ida Smootz refuses to reimburse him and "very well may have" misappropriated Plaintiff's funds. In the caption, Plaintiff names the Douglas County Sheriff and Secure Payments Idaho as Defendants and in the body of the complaint, he names as Defendants Smoots and Zimbicky. He does not identify the relief he seeks.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that

is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

First, this matter is subject to dismissal because the complaint fails to identify a proper defendant. In the complaint, Plaintiff states that neither Defendant Smootz nor Zimbicky were acting under the color of state law at the relevant times. (Doc. 1, p. 1-2.) As noted above, stating a

is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

First, this matter is subject to dismissal because the complaint fails to identify a proper defendant. In the complaint, Plaintiff states that neither Defendant Smootz nor Zimbicky were acting under the color of state law at the relevant times. (Doc. 1, p. 1-2.) As noted above, stating a

claim under § 1983 involves showing that the alleged constitutional "deprivation was committed by a person acting under color of state law." *West,* 487 U.S. at 48. Plaintiff also names the Douglas County Sheriff as a defendant. But he does not allege any direct participation by him, which leaves the Douglas County Sheriff subject to dismissal from this matter because an essential element of a § 1983 claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Similarly, none of the factual assertions in the complaint involve Secure Payments Idaho, which is named in the caption as a defendant, so Secure Payments Idaho is also subject to dismissal.

Alternatively, this matter is subject to dismissal for failure to state a claim on which relief can be granted. In Count I, Plaintiff argues that CO Zimbicky's and Smootz' actions constitute cruel and unusual punishment of a pretrial detainee in violation of the Eighth Amendment. "Unlike convicted prisoners whose right to be free from cruel and unusual punishment is protected by the Eighth Amendment, the Fourteenth Amendment's due process protections prohibit the state from inflicting punishment on pretrial detainees." *Crane v. Utah Dept. of Corr.*, 15 F.4th 1296, 1308 n.9 (10th Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019)). Nevertheless, "'the Eighth Amendment standard provides the benchmark for such claims.'" *See Routt v. Howard*, 764 Fed. Appx. 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Everly*, 164 F.3d 490, 495 (10th Cir. 1998)).

Even liberally construing the complaint to raise a Fourteenth Amendment claim, it does not allege sufficient facts to state a claim on which relief can be granted. The United States Supreme Court has explained that

> "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a

4

>   prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities. . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'"

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

Even taking all the facts alleged in the complaint as true, those alleged facts do not rise to the level of a constitutional violation. The complaint does not allege facts that support a plausible claim that any Defendant has denied Plaintiff "the minimal civilized measure of life's necessities," much less had a sufficiently culpable state of mind. The bare allegations that a jail officer destroyed property and a commissary worker refused to reimburse Plaintiff for that property, without more, do not state a federal constitutional violation.

In Count II, Plaintiff argues that he was denied due process, as guaranteed by the Fourteenth Amendment, when CO Zimbicky "acted under Lt. Jane Carlson's policy" and destroyed Plaintiff's items. To the extent Plaintiff seeks damages for the loss of his personal property, he does not state a claim for federal relief. It is settled that neither a negligent nor an unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process). In *Parratt*, the Supreme Court reasoned that where a loss of property occurs from a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur. *Parratt,* 451 U.S. at 541. Under these circumstances, the Court observed: "It is

difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.* "[W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails to provide an adequate postdeprivation remedy for the property loss." *Id..* at 541-542.

When, as here, the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a predeprivation hearing. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994). But Plaintiff does not identify the policy under which his items were destroyed or give any further information about the circumstances surrounding the destruction of his property, other than that it apparently occurred while Plaintiff was on suicide watch. Plaintiff has failed to allege sufficient facts to support a plausible claim that he was entitled to due process prior to the destruction of his items and that such process was denied him. Thus, on the current complaint, both of Plaintiff's claims are subject to dismissal for failure to state a claim.

## IV.  Response or Amended Complaint Required

Plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. In the alternative, Plaintiff may file a complete and proper amended complaint upon court-approved forms in which he names only proper defendants, alleges sufficient facts to state a claim of a federal constitutional violation and show a cause of action in federal

court, and cures the other deficiencies discussed herein. The Court will direct the clerk to sent Plaintiff the appropriate form.

Plaintiff must write the number of this case (22-3149) on the first page of the amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10. He should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. The amended complaint is not simply a supplement to the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint will not be before the Court. Put another way, Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint. If Plaintiff does not file an amended complaint within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 22, 2022,** in which to file a complete and proper amended complaint curing the deficiencies discussed herein or to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's current complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 22, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**