**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TONY ALLEN COOLEY,**

    **Plaintiff,**

    v.                                                    **CASE NO. 22-3149-SAC**

**DOUGLAS COUNTY SHERIFF,**
 **et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Tony Allen Cooley, an inmate at the Douglas County Jail (DCJ) in Lawrence, Kansas, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He filed his initial complaint on July 20, 2022. (Doc. 1.) The Court screened the complaint, as required by 28 U.S.C. § 1915A(a) and (b)(1)–(2), and issued a Memorandum and Order to Show Cause (MOSC) directing Plaintiff to show good cause why this action should not be dismissed due to certain identified deficiencies in the complaint or, in the alternative, to file a complete and proper amended complaint curing the deficiencies. (Doc. 7.) Plaintiff timely filed an amended complaint that was missing page 2 (Doc. 8), so on August 8, 2022, the Court ordered Plaintiff so resubmit his complete amended complaint on or before August 22, 2022. (Doc. 9.) Plaintiff has now filed a complete amended complaint. (Doc. 10.)

The Court has screened the amended complaint and, for the reasons discussed below, will direct Plaintiff to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in the amended complaint. In the alternative, Plaintiff may file a complete and proper second amended complaint

curing these deficiencies. If Plaintiff fails to do so in the time allotted by the Court, this matter may be dismissed without further prior notice to Plaintiff.

## I. Nature of the Matter before the Court

Plaintiff alleges in his amended complaint that "[o]n May 12, 2022, Defendant C.O. Zimbicky, acting on the policy of Lt. Jane Carlson [and] Lt. Hardy, made a decision to toss [his] commissary items," including one bag of coffee, one lemonade, two postage stamps, comic books, and reading glasses. (Doc. 10, p. 2.) Plaintiff also alleges that Defendant Ida Smootz "played with the numbers on [his] account [and] refused to reimburse [him] for said items" or return them *Id.* Plaintiff alleges that Lt. Hardy, Carlson, and Lt. Chaffin have all handled grievances related to this matter. *Id.* at 2, 4.

Plaintiff names as Defendants the Douglas County Sheriff's Department, C.O. Zimbicky, Ida Smootz, C.O. C. Ward, Deputy T. Griffith, Lt. Hardy, Lt. Chaffin, and Lt. Carlson. *Id.* at 1-3. In Count I, Plaintiff alleges that his Fourteenth Amendment due process rights were violated when his items were taken without a hearing, noting that "usually when one goes on suicide watch, items are put in a crate." *Id.* at 4. In Count II, Plaintiff alleges the violation of the Eighth Amendment's prohibition against cruel and unusual punishment, stating, "I believe it was cruel [and] unusual to attack me and be vindictive on my birthday [and] discard items when I went on suicide watch." *Id.* As relief, Plaintiff seeks $10,000.00; the "right to prosecute defendants"; his release from the DCJ; and "Jeremy Rye Trust Fund." *Id.* at 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are

legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

As explained in the MOSC, "[t]To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

First, this matter is subject to dismissal against the Douglas County Sheriff's Department. To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes

the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).

Although Plaintiff generally refers to a policy implemented by Defendants Carlson and Hardy, he also alleges that Defendant Zimbicky "made a decision" to throw away Plaintiff's items. This leaves unclear whether Defendant Zimbicky was following a policy or making an independent decision. Moreover, as noted above, even though the Court liberally construes Plaintiff's pro se complaint, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110. Plaintiff has not identified any written policy that led to his items being discarded, nor has he clearly alleged that there is a de facto policy in place that did so. Thus, he has failed to allege facts supporting a § 1983 claim against the Douglas County Sheriff's Department.

Second, this matter is subject to dismissal as against Defendants Ward, Griffith, Hardy, Chaffin, Carlson, and Smootz. As also noted in the MOSC, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Rather, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not

5

only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The amended complaint alleges that Defendants Chaffin, Hardy, and Carlson denied or otherwise rejected Plaintiff's grievances. (Doc. 10, p. 2-4.) But an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation as required for a claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

In the portion of the amended complaint that identifies Defendants, Plaintiff alleges that Defendant Hardy "attempted to bribe [Plaintiff] with a cup of coffee," that Defendant Chaffin "investigated the theft of items[1]," and that Defendant Ward "refused to call about commissary." *Id.* at 3. The relevance of these allegations to Plaintiff's claims that his civil rights were violated is unclear. The amended complaint contains no other information about what Defendants Hardy, Chaffin, Ward, or Griffith[2] did to Plaintiff, when they did it; how the action or inaction harmed Plaintiff, or how that action or inaction violated a specific constitutional right. Thus, Plaintiff has failed to allege facts showing the direct personal participation by Defendants Ward, Chaffin, Hardy, Carlson, or Griffith in a constitutional violation. As such, Plaintiff has failed to allege sufficient facts to support a § 1983 claim against Defendants Ward, Chaffin, Hardy, Carlson, or Griffith.

Third, this matter is subject to dismissal as against Defendant Smootz for failure to state a claim on which relief can be granted. The amended complaint alleges that Plaintiff sent to Defendant Smootz, whom Plaintiff alleges is employed as "commis[s]ary" at the DCJ, "many

---

[1] The attachments to the amended complaint include grievances filed about an alleged theft of Plaintiff's grandfather's truck, so it is unclear what "items" Petitioner refers to in the phrase "theft of items."
[2] The amended complaint does not allege any specific action or inaction by Defendant Griffith.

6

request forms to Ida Smootz asking for [the] items back or reimbursement" for those items, but she "played with the numbers on" Plaintiff's account and "refused to reimburse" him. *Id.* at 2, 4. Plaintiff does not identify when he sent the requests or when he received replies from Defendant Smootz, nor does he explain what he means by "played with the numbers." He does not allege that Defendant Smootz was personally involved in the taking or destruction of his property without the required due process; he merely alleges that she refused to reimburse him.

Fourth, as the MOSC noted about the original complaint, this matter remains subject to dismissal for failure to state a claim on which relief can be granted. In Count I, Plaintiff argues that the taking of his property without a predeprivation hearing violated his due process rights[3]. (Doc. 10, p. 4.) Yet, as noted above, it is unclear from the amended complaint whether the removal and potential destruction of the items in issue was done under an official or de facto policy of the DCJ or whether Defendant Zimbicky made an independent decision to do so. As the MOSC explained:

> It is settled that neither a negligent nor an unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process). In *Parratt*, the Supreme Court reasoned that where a loss of property occurs from a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur. *Parratt,* 451 U.S. at 541. Under these circumstances, the Court observed: "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.* "[W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails

---

[3] This was Count II of the original complaint.

> to provide an adequate postdeprivation remedy for the property loss." *Id.*. at 541-542.
>
> When, as here, the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a predeprivation hearing. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994). But Plaintiff does not identify the policy under which his items were destroyed or give any further information about the circumstances surrounding the destruction of his property, other than that it apparently occurred while Plaintiff was on suicide watch. Plaintiff has failed to allege sufficient facts to support a plausible claim that he was entitled to due process prior to the destruction of his items and that such process was denied him. Thus, on the current complaint, both of Plaintiff's claims are subject to dismissal for failure to state a claim.

(Doc. 7, p. 5-6.)

The amended complaint fares no better. Plaintiff still has not identified a policy under which his items were taken; if anything, the amended complaint is less clear as to whether such a policy--official or de facto--was the driving force behind the taking. The Court will allow Plaintiff a final opportunity to allege sufficient facts related to this claim for relief. If the policy in question is a written policy, Plaintiff should either provide a copy of the policy, if possible, or otherwise identify it. For example, if the policy is in the inmate handbook, Plaintiff should so inform the Court.

In Count II of the amended complaint, Plaintiff alleges a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[4] (Doc. 10, p. 4.) He bases his claim on the assertion that the Defendants attacked him and were vindictive to him on his birthday and they discarded his items. This is the only reference in the amended complaint to an attack or vindictive actions; thus, there are insufficient factual allegations to support a claim that Plaintiff's

---

[4] This was Count I of the original complaint.

Eighth Amendment rights were violated on those grounds. Moreover, as the MOSC noted with respect to Plaintiff's Eighth Amendment claim therein:

> "Unlike convicted prisoners whose right to be free from cruel and unusual punishment is protected by the Eighth Amendment, the Fourteenth Amendment's due process protections prohibit the state from inflicting punishment on pretrial detainees." *Crane v. Utah Dept. of Corr.*, 15 F.4th 1296, 1308 n.9 (10th Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019)). Nevertheless, "'the Eighth Amendment standard provides the benchmark for such claims.'" *See Routt v. Howard*, 764 Fed. Appx. 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Everly*, 164 F.3d 490, 495 (10th Cir. 1998)).
>
> Even liberally construing the complaint to raise a Fourteenth Amendment claim, it does not allege sufficient facts to state a claim on which relief can be granted. The United States Supreme Court has explained that
>
>> "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities. . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'"
>
> *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).
>
> Even taking all the facts alleged in the complaint as true, those alleged facts do not rise to the level of a constitutional violation. The complaint does not allege facts that support a plausible claim that any Defendant has denied Plaintiff "the minimal civilized measure of life's necessities," much less had a sufficiently culpable state of mind. The bare allegations that a jail officer destroyed property and a commissary worker refused to reimburse Plaintiff for that property, without more, do not state a constitutional violation.

(Doc. 7, p. 4-5.)

The amended complaint suffers the same deficiency. It does not allege facts that support a plausible claim that any Defendant has denied Plaintiff "the minimal civilized measure of life's

9

necessities or that he or she did so with a sufficiently culpable state of mind. Thus, Count II of the amended complaint fails to state a claim on which relief can be granted.

Finally, the amended complaint seeks relief that cannot be granted in an action brought under 42 U.S.C. § 1983. Plaintiff requests $10,000.00; the right to prosecute Defendants; release from the DCJ, and "Jeremy Rye Trust Fund." (Doc. 10, p. 6.) The reference to a trust fund is unclear. To the extent Plaintiff seeks his immediate release, he must do so in a separate habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see also* 28 U.S.C. §§ 2241 and 2254(a). In addition, the Court lacks the authority to order the prosecution of Defendants. *See, e.g., Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007)("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment.").

**IV.  Response or Amended Complaint Required**

Although the amended complaint retains some of the deficiencies seen in the initial complaint, the Court will afford Plaintiff one final opportunity to show cause why this matter should not be dismissed or to file a complete and proper second amended complaint. If Plaintiff chooses to file a complete and proper second amended complaint, it must be upon court-approved forms and it must name only proper defendants, allege sufficient facts to state a claim of a federal constitutional violation and show a cause of action in federal court, and cure the other deficiencies discussed herein. The Court will direct the clerk to sent Plaintiff the appropriate form. Plaintiff must write the number of this case (22-3149) on the first page of the second amended complaint. Any attachments to the second amended complaint must be mailed with the second amended complaint and be clearly marked as attachments to the second amended complaint in this matter.

Plaintiff must name every defendant in the caption of the second amended complaint and also refer to each defendant again in the body of the second amended complaint, where he must allege specific facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. The second amended complaint is not simply a supplement to the earlier complaints; it completely replaces them. Therefore, any claims or allegations not included in the second amended complaint will not be before the Court. Put another way, Plaintiff may not simply refer to an earlier pleading in his second amended complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial or amended complaint. If Plaintiff does not file a second amended complaint within the prescribed time, this matter will be decided based upon the current deficient amended complaint and may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 15, 2022,** in which to file a complete and proper second amended complaint curing the deficiencies discussed herein or to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's current complaint should not be dismissed for the reasons stated herein. The clerk is directed to send Plaintiff the appropriate forms.

**IT IS SO ORDERED**.

**Dated August 15, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**