IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TONY ALLEN COOLEY,**

    **Plaintiff,**

    v.                                                      CASE NO.  22-3149-SAC

**DOUGLAS COUNTY SHERIFF,**
 **et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Tony Allen Cooley, a Kansas prisoner currently at Osawatomie State Hospital in Osawatomie, Kansas, brough this civil rights action pursuant to 42 U.S.C. § 1983 based on events that occurred while he was detained at the Douglas County Jail in Lawrence, Kansas. Plaintiff, who proceeds pro se and in forma pauperis, filed his initial complaint on July 20, 2022. (Doc. 1.) The initial complaint and the amended complaint filed on August 11, 2022 (Doc. 10) both suffered from deficiencies that left them subject to dismissal. (*See* Docs. 7 and 11.) Plaintiff has been granted until and including September 15, 2022, to either show cause why the matter should not be dismissed or file a complete and proper second amended complaint that cures the deficiencies. (Doc. 11.)

On August 25, 2022, the Court received from Plaintiff a notice of change of address (Doc. 12), a letter directed to the Clerk of Court inquiring about requesting appointment of counsel (Doc. 13), a letter to the "Kind People [of the] Justice Department" updating them on Plaintiff's current activities (Doc. 14), a letter to "Tammy K., Yvette, [and] Melanie" (Doc. 14-1), and a letter to Defendant Smootz (Doc. 14-2).  Because Plaintiff proceeds pro se, the Court liberally construes

1

his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court will construe the letter to the clerk (Doc. 13) as a motion to appoint counsel.[1]

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). At this early point in the proceedings, the Court concludes that it is not clear that Plaintiff has asserted a colorable claim against a named defendant, the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff files a second amended complaint that survives screening.

---

[1] For future reference, if Plaintiff wishes to request the appointment of counsel, he may file a motion for appointment of counsel that sets forth his reasons for the request.

**IT IS THEREFORE ORDERED THAT** the motion to appoint counsel (Doc. 13) is denied without prejudice

**IT IS SO ORDERED**.

**Dated August 26, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge