## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TONY ALLEN COOLEY,**

     **Plaintiff,**

     **v.**                                  **CASE NO.  22-3149-JWL-JPO**

**DOUGLAS COUNTY SHERIFF,**
 **et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Tony Allen Cooley, a state pretrial detainee now housed at Douglas County Jail (DCJ) brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. He filed his initial complaint on July 20, 2022, alleging that on May 12, 2022, certain DCJ employees improperly seized and destroyed some of his property and another DCJ employee refused to reimburse him and may have misappropriated Plaintiff's money. (Doc. 1.) The Court screened the complaint,  as required by 28 U.S.C. § 1915A(a) and (b)(1)–(2), and issued a Memorandum and Order to Show Cause (MOSC) directing Plaintiff to either show cause why this action should not be dismissed for failure to state a claim on which relief could be granted or file an amended complaint. (Doc. 7.)

Plaintiff filed his amended complaint on August 11, 2022. (Doc. 10.) Although he included additional facts and cured some of the deficiencies in the initial complaint, the amended complaint nevertheless still failed to state a claim on which relief could be granted. Thus, the Court issued a second MOSC, which was mailed to Plaintiff on August 15, 2022. (Doc. 11) The second MOSC noted that the amended complaint suffered from "some of the deficiencies seen in the initial complaint," but allowed Plaintiff a final opportunity to either show cause why this action should not be dismissed or file a complete and proper second amended complaint curing these deficiencies. It also advised Plaintiff that if he failed to respond by September 15, 2022, this matter might be dismissed.

Thereafter, Plaintiff filed a change of address notice informing the Court he had been transferred to Osawatomie State Hospital (OSH). Plaintiff also filed two motions, but he neither responded to the second MOSC nor filed a second amended complaint.

On September 22, 2022, the Court issued a third MOSC, noting the possibility that Plaintiff may not have received the second MOSC because it was mailed around the time that Plaintiff transferred to OSH. (Doc. 16.) Thus, in an abundance of caution, the Court directed the clerk to resend to Plaintiff at OSH the second MOSC and the Court extended the time to respond and/or file a second amended complaint to and including October 24, 2022. The third MOSC advised Plaintiff that if he failed to timely respond or file a second amended complaint, this matter would be dismissed without further prior notice to Plaintiff.

On October 7, 2022, this matter was reassigned to the undersigned and Magistrate Judge James P. O'Hara for all further proceedings. (Doc. 17.) On October 27, 2022, the Court received from Plaintiff four documents, all of which were dated between September 28, 2022 and October 7, 2022.[1] (Docs. 18-21.) One of the documents was a motion that seeks an extension of time to file a second amended complaint. (Doc. 21.) Therein, Plaintiff explains that he is "locked down" in administrative segregation and has no "rights or privilege[s]," which leaves him unable to draft a second amended complaint. *Id.* He also explains that his competency is at issue in his pending state court criminal prosecution, and he asks this Court to continue this matter until he is found competent in the state criminal case. *Id.*

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

---

[1] In these filings, Plaintiff inquires about the status of his cases. The Court's records reflect that this matter is the only case currently pending before the Court in which Plaintiff is a party. All other cases Plaintiff has initiated are closed.

Whether to grant such a stay requires "the exercise of judgment which must weigh competing interests and maintain an even balance." *Id.*

After careful consideration of the filings received from Plaintiff and the competing interests that would be affected by delaying this matter for an undetermined length of time while Plaintiff's competency to stand trial in his state criminal matter is resolved, the Court will deny the request.

First, the operative amended complaint contains two counts, neither of which state a claim on which relief can be granted under § 1983 and both of which suffer deficiencies that were also present in the original complaint. Count I is a property claim which, as noted in the first and second MOSC, appears to allege a negligent or unauthorized, intentional deprivation of property by a state employee. Because state law provides an adequate post-deprivation remedy, the deprivation is not grounds for a § 1983 claim on which relief can be granted. Count II alleges a violation of the constitutional prohibition against cruel and unusual punishment which, as also noted in the first and second MOSC, is not supported by sufficient alleged facts to state a plausible claim for relief.

Second, although this matter is still in the initial screening stage and service has not occurred, the Court maintains an interest in the timely resolution of cases pending before it. The online records of the Douglas County District Court reflect that earlier this month, the state court ordered Plaintiff to be sent to Larned State Hospital for evaluation. The length of time it may take to evaluate and resolve the question of Plaintiff's competency to stand trial on criminal charges is unknown to this Court and it would not serve judicial economy to impose an indefinite continuance in the current federal matter.

Third, it is unclear how a competency determination in Plaintiff's state criminal matter requires a stay of his federal civil rights action. Plaintiff does not allege that he is incompetent and therefore unable to pursue his federal case. To the contrary, Plaintiff's latest filings with this Court assert that although "they say I'm incompetent[,] I know better." (Doc. 18, p. 2.) And the reason Plaintiff gives for his inability to timely file a second amended complaint is that he is in administrative segregation, not that he is incompetent. (Doc. 21.)

For all of these reasons, the Court concludes that further extension of the time for Plaintiff to file a second amended complaint would not serve the interests of justice. Thus, the motion (Doc. 21) will be denied and this matter will be dismissed without prejudice because the operative amended complaint fails to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

**Dated October 28, 2022, in Kansas City, Kansas.**

**<u>s/ John W. Lungstrum</u>**
**John W. Lungstrum**
**United States District Judge**